UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 13-12145-GAO

STEPHANIE TOBEY-RODERICK,
Plaintiff,

v.

CEDRIC CROMWELL, et al.,
Defendants.

MEMORANDUM AND ORDER

O'TOOLE, D.J.

For the reasons stated below, the Court dismisses this action without prejudice.

On August 28, 2013, Stephanie Tobey-Roderick filed a self-prepared complaint in which she alleged that the defendants–six individuals who are allegedly members of or presumably have some other connection to the Mashpee Wampanoag Tribe ("Tribe")–failed to provide her access to financial documents concerning the Tribe.  Although the plaintiff did not identify her cause of action, she alleged that the Court has jurisdiction "pursuant to 'The Freedom of Information Act,'" Compl. ¶ 8, and in her civil cover sheet she identified this action as arising under the Freedom of Information Act.

In a memorandum and order dated October 2, 2013 (#5), the Court granted the plaintiff's the plaintiff to show cause the action should not be dismissed for failure to state a claim upon which relief may be granted.  The Court explained that the defendants did not come within FOIA's definition of an agency.

On November 6, 2013, the plaintiff filed a show cause response (#7) consisting of a one-page memorandum, list of exhibits, new civil cover sheet indicating "civil rights" as the nature of suit and "federal question" as the basis of jurisdiction, and ninety-eight pages of exhibits.  In the one-page memorandum, the plaintiff does not identify any cause of action.  She simply alleges that the defendants have breached their duty of care "in the management and administration of the affairs of the Mashpee Wampanoag tribe, as well as in the preservation of

its property and assets." The exhibits are apparently meant to support her allegation that the defendants have mismanaged tribal assets.

The plaintiff has not identified, and the Court cannot discern, any claim for relief over which this Court would have subject matter jurisdiction. Federal district courts may exercise jurisdiction over civil actions arising under federal laws, see 28 U.S.C. § 1331 ("§ 1331"), and over certain actions in which the parties are of diverse citizenship and the amount in controversy exceeds $75,000, see 28 U.S.C. § 1332 ("§ 1332"). Other than the plaintiff's ineffectual invocation of the Freedom of Information Act, neither the complaint nor the show cause response refers to any federal law that would support jurisdiction under § 1331. As diversity of citizenship appears to be lacking, jurisdiction would not exist under 28 U.S.C. § 1332 over any state law claim.[1]

Accordingly, this action is DISMISSED WITHOUT PREJUDICE.

SO ORDERED.

 11/18/13                                   /s/ George A. O'Toole, Jr.
DATE                                        GEORGE A. O'TOOLE, JR.
                                            UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that, questions of subject matter jurisdiction aside, the doctrine tribal sovereign immunity could preclude a suit in this Court against the Tribe, see Kiowa Tribe of Okla. v. Mfg. Techs., Inc., 523 U.S. 751, 754 (1998), or tribal officers in their official capacity, see Chayoon v. Chao, 355 F.3d 141, 143 (2d Cir. 2004).